MARYLAND:

## IN THE CIRCUIT COURT OF ANNE ARUNDEL COUNTY

Estate of MARY JEAN GRILLO
By ANTHONY GRILLO, Personal Representative
of the Estate of MARY JEAN GRILLO
6046 North 20th Street
Arlington, VA 2220

Case No. C-02-CV-21-001133

And

ANTHONY GRILLO, Individually
And as Personal Representative of the
Estate of MARY JEAN GRILLO

And

MONICA ANNE GRILLO
6046 20th St N
Arlington, VA 22205

And

JEANNE MARIE GRILLO
10301 Falls Rd
Rockville, MD 20854

And

ANN MARIE GRILLO
3200 Valley Ln
Falls Church, VA 22044

And

JOHN GRILLO
901 Scotch Heather Ave
Mt Airy, MD 21771
(USE PLAINTIFF ONLY)

v.

TRAMAINE MARKEE THOMPSON,
INDIVIDUALLY, and as Agent, Contractor,
Employee, Representative, or Servant of P and S

1

Transportation, LLC
341 Nowell Farm Rd
Colerain, NC 27924,

And

P AND S TRANSPORTATION, LLC
Serve: Registered Agent
Salifou Salvadogou
6600 Laurelton Ave
Baltimore, MD 21234

Defendants

## COMPLAINT

Plaintiffs, Estate of Mary Jean Grillo, Anthony Grillo, Individually and as Personal Representative of the Estate of Mary Jean Grillo, Monica Anne Grillo, Jeanne Marie Grillo, Ann Marie Grillo, by and through their attorneys, Turbitt Leach & Crum, PLLC, and John Grillo ("Use Plaintiff") bring suit against Defendants, Tramaine Markee Thompson, Individually and as agent, contractor, employee, representative, or servant of P and S Transportation, LLC (hereinafter "Defendant Thompson"), and P and S Transportation, LLC and state as follows:

## VENUE AND JURISDICTION

1. The accident took place in Anne Arundel County, Maryland.

2. The claim for plaintiff, Estate of Mary Jean Grillo, has been brought by her husband Anthony Grillo, as Personal Representative of the Estate, pursuant to §7-401 of the Estates and Trusts Article. The plaintiff Estate of Mary Jean Grillo has been opened with the Anne Arundel County Registrar of Wills, Estate No. 103176. (See Certificate of Appointment, Exhibit A)

3. Plaintiff Anthony Grillo, the surviving husband of the decedent, Mary Jean Grillo is a resident of Arlington, Virginia.

4. Plaintiffs Monica Anne Grillo (daughter), Jeanne Marie Grillo (daughter), Ann Marie Grillo (daughter), and John Grillo (son) are primary beneficiaries in this action for wrongful death claims pursuant to §3-904(a) of the Courts and Judicial Proceedings Article and are required plaintiffs pursuant to Rule 15-1001 (b) of the Maryland Rules of Civil Procedure. John Grillo is listed as a "use plaintiff" only and is not represented by undersigned counsel.

5. Defendant Thompson is a resident of Colerain, North Carolina.

6. Defendant P and S Transportation, LLC is a corporation that regularly conducts business in the State of Maryland.

7. The accident occurred in Anne Arundel County, Maryland.

## FACTS OF THE ACCIDENT

8. The Plaintiffs incorporate herein by reference all preceding paragraphs.

9. On February 4, 2019, at approximately 1:19 p.m., the Decedent, Mary Jean Grillo was lawfully operating her 2005 Honda Element on Annapolis Road. She was stopped in the eastbound direction on Annapolis Road. Ms. Grillo inadvertently entered the intersection as the defendant Tremaine Markee Thompson approached the intersection on a yellow signal, travelling northbound on Route 301 approaching its intersection with Missouri Avenue.

10. At the same time and place, Defendant Thompson, individually and as agent, contractor, employee, representative, or servant of P and S Transportation, LLC was operating a 2013 Freightliner tractor, at a reckless speed, pulling a loaded 48-foot Great Dane flatbed trailer, while traveling southbound on Robert Crain Highway, approaching the intersection of Annapolis Road.

3

11. Defendant Thompson drove 8,766 feet prior to the intersection crash at a speed in excess of the 50 mph speed limit with the maximum pre-crash reported speed at 66.5mph and the minimum pre-crash reported speed at 59.5 mph. Defendant Thompson recklessly, willfully and wantonly sped through the intersection on a yellow light and crashed into the vehicle operated by plaintiff's decedent. The approximate speed at impact for the Thompson tractor trailer was 10 mph in excess of the posted speed limit.

12. Defendant Thompson's careless, negligent, grossly negligent and reckless, willful and wanton actions were done in conscious disregard of the rights and safety of the plaintiff's decedent and resulted in Defendant Thompson arriving at the intersection prematurely, striking the plaintiff's decedent's vehicle, and causing her wrongful death. But for this reckless and excessive speed, the crash would never have occurred. In fact, if the Thompson tractor-trailer had been travelling and continued to travel at the posted speed limit when the Electronic Control Module ("ECM") on the truck's last stop record initiated, the truck would have been 1,802 feet from the crash location when Ms. Grillo entered the intersection. Not only would the crash not have occurred, but Mr. Thompson would not have been in a position to even see the decedent's Honda at the intersection.

13. Mary Jean Grillo was pronounced dead at the scene of the crash.

14. Mary Jean Grillo suffered from pre-impact fright and conscious pain and suffering as a result of the crash.

15. Mary Jean Grillo, at the time of her death, was survived by her husband, Anthony Joseph Grillo, daughters, Monica Anne Grillo, Jeanne Marie Grillo, Ann Marie Grillo and son, John Grillo.

## COUNT I – WRONGFUL DEATH

16. The plaintiffs incorporate herein by reference all preceding paragraphs.

17. Defendant Thompson, individually and as agent, contractor, employee, representative, and servant of P and S Transportation, LLC owed Mary Jean Grillo a duty to use reasonable care in operating and controlling his vehicle, to pay proper attention to traffic while approaching intersections, to maintain a proper lookout, to obey the laws and rules of the state of Maryland, to maintain proper speed for the conditions, to reduce speed to avoid an accident, to control his vehicle to avoid a collision at an intersection, to obey the laws and regulations of the state of Maryland, and to otherwise act with reasonable care to avoid causing fatal crashes.

18. Defendant Thompson failed to use reasonable care in operating his vehicle when he drove his tractor trailer up to 16.5 mph over the posted speed limit approaching an intersection on a yellow light and crashed into the vehicle operated by Mary Jean Grillo that had inadvertently entered the intersection, failed to maintain proper speed, to maintain a proper lookout, to obey the laws and rules of the state of Maryland, to maintain proper speed for the conditions, to reduce speed to avoid an accident, to control his vehicle to avoid a collision at an intersection, to obey the laws and regulations of the state of Maryland, and to otherwise act with reasonable care to avoid causing fatal crashes.

5

19. Defendant Thompson proximately caused the collision between his tractor trailer vehicle and Mary Jean Grillo's vehicle and breached his duties owed to Mary Jean Grillo.

20. As a direct and proximate result of defendant Thompson's negligence, carelessness, recklessness, and willful and wanton conduct in conscious and utter disregard for and with reckless indifference to the rights and safety of the plaintiff's decedent and breach of duties owed to Mary Jean Grillo, Mary Jean Grillo sustained fatal bodily injuries, and was pronounced dead at the scene of the crash.

21. At all relevant times, defendant Thompson had the last clear chance to avoid crashing into the plaintiff's decedent's vehicle, and thereby he had the last clear chance to avoid causing serious injuries and wrongful death to the plaintiff's decedent. Defendant Thompson's failure to use the last clear chance he had to avoid this car wreck, and the injuries and wrongful death to the plaintiff's decedent is carelessness, negligence, recklessness, and willful and wanton conduct in conscious and utter disregard for, and with reckless indifference to, the rights and safety of the plaintiff's decedent. Moreover, this defendant's failure to use the last clear chance to avoid the car crash, and the injuries and wrongful death to the plaintiff's decedent was the sole and proximate cause of the plaintiff's decedent's serious personal injuries and wrongful death.

22. As a direct and proximate result of defendant Thompson's negligence, gross negligence and reckless, willful and wanton conduct in conscious and utter disregard of and indifference to, the rights and safety of the plaintiff's decedent, the plaintiff's decedent Mary Jean Grillo suffered personal injuries and wrongful death. Therefore, the Estate

of Mary Jean Grillo and the beneficiaries of said estate are entitled to all damages available under section 3-904 (c), (d) of the Courts and Judicial Proceding's Article of the annotated code of Maryland, including pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort, loss of protection, loss of parental care, loss of advice, loss of counsel, loss of training, loss of guidance, loss of education and loss of filial care.

23. This Complaint was timely filed within three years of the death of Mary Jean Grillo pursuant to §3-904 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland.

WHEREFORE, plaintiffs, Estate of Mary Jean Grillo, Anthony Joseph Grillo, Individually, and as Personal Representative of the Estate of Mary Jean Grillo, Monica Anne Grillo, Jeanne Marie Grillo, Ann Marie Grillo, and John Grillo ("Use Plaintiff") demand judgment against the defendant Tremaine Markee Thompson, individually, and as agent, contractor, employee, representative, and servant of P and S Transportation, LLC for their wrongful death claims, pursuant to §3-904 (c) (d), in the amount of FIVE MILLION DOLLARS ($5,000,000.00) in economic and non-economic damages, compensatory damages, punitive damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT II – SURVIVAL ACTION

24. The plaintiffs incorporate herein by reference all preceding paragraphs.

25. Defendant Thompson individually and as agent, contractor, employee, representative, and servant of P and S Transportation, LLC owed Mary Jeanne Grillo a duty to use reasonable care in operating and controlling his vehicle, to pay proper attention to traffic while approaching intersections, to maintain a proper lookout, to obey the laws and rules of the state of Maryland, to maintain proper speed for the conditions, to reduce speed to avoid an accident, to control his vehicle to avoid a collision at an intersection, to obey the laws and regulations of the state of Maryland, and to otherwise act with reasonable care to avoid causing fatal crashes.

26. Defendant Thompson breached his duty owed to Mary Jeanne Grillo when he failed to use reasonable care in operating his vehicle and recklessly drove his tractor trailer up to 16.5 mph over the posted speed limit approaching an intersection on a yellow signal into the vehicle operated by Mary Jean Grillo that had inadvertently entered the intersection, failed to maintain proper speed, to maintain a proper lookout, to obey the laws and rules of the state of Maryland, to maintain proper speed for the conditions, to reduce speed to avoid an accident, to control his vehicle to avoid a collision at an intersection, to obey the laws and regulations of the state of Maryland, and to otherwise act with reasonable care to avoid causing fatal crashes.

27. Defendant Thompson proximately caused the collision between his tractor trailer vehicle and Mary Jean Grillo's vehicle and breached his duties owed to Mary Jean Grillo.

28. As a direct and proximate result of defendant Thompson's negligence, gross negligence and reckless, willful and wanton conduct in conscious and utter disregard of the rights and safety of the plaintiff's decedent, Mary Jean Grillo suffered from pre-

8

impact fright and conscious pain and suffering and was pronounced dead at the scene of the crash.

29. As a direct and proximate result of defendant Thompson's breach of duty owed to Mary Jeanne Grillo, the Estate of Mary Jean Grillo has incurred funeral expenses and medical bills, on behalf of the decedent and seeks recovery for the conscious pain and suffering sustained by the plaintiff's decedent.

30. Plaintiffs bring this survival action pursuant to §7-401 of the Estates and Trusts Article for the aforementioned expenses, conscious pain and suffering and pre-impact fright suffered by Mary Jean Grillo.

WHEREFORE, the plaintiffs, Estate of Mary Jean Grillo, Anthony Grillo, Individually and as Personal Representative, of the Estate of Mary Jean Grillo, Monica Anne Grillo (daughter), Jeanne Marie Grillo (daughter), Ann Marie Grillo (daughter), and John Grillo (son) ("Use Plaintiff"), demand judgment against the Defendants, jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00) in economic and non-economic damages, compensatory damages, punitive damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT III – NEGLIGENCE

31. The plaintiffs incorporate herein by reference all preceding paragraphs.

32. Defendant Thompson, individually and as agent, contractor, employee, representative, and servant of P and S Transportation, LLC owed Mary Jean Grillo a duty to use reasonable care in operating and controlling his vehicle, to pay proper attention to traffic while approaching intersections, to maintain a proper lookout, to obey the laws and rules of the state of Maryland, to maintain proper speed for the conditions, to reduce

9

speed to avoid an accident to control his vehicle to avoid a collision, to obey the laws and regulations of the state of Maryland, and to otherwise act with reasonable care to avoid causing fatal crashes.

33. Defendant Thompson failed to use reasonable care in operating his vehicle when he drove his tractor trailer up to 16.5 mph over the posted speed limit approaching an intersection on a yellow light and crashed into the vehicle operated by Mary Jean Grillo, that had inadvertently entered the intersection, failed to maintain proper speed, to maintain a proper lookout, to obey the laws and rules of the state of Maryland, to maintain proper speed for the conditions, to reduce speed to avoid an accident to control his vehicle to avoid a collision, to obey the laws and regulations of the state of Maryland, and to otherwise act with reasonable care to avoid causing fatal crashes.

34. As a direct result of the automobile collision and the carelessness, negligence, gross negligence and willful and wanton negligence of defendant Thompson in conscious and utter disregard and reckless indifference to the rights and safety of the plaintiff's decedent, Mary Jean Grillo suffered conscious pain and suffering, sustained fatal bodily injuries, and was and pronounced dead at the scene.

35. As a direct result of the automobile collision and the negligence, gross negligence, and reckless, willful and wanton conduct in conscious and utter disregard and reckless indifference to the rights and safety of the plaintiff's decedent by defendant Thompson, the plaintiff's decedent suffered conscious pain and suffering, fatal injuries, incurred medical expenses, funeral expenses and other damages.

36. All of the above damages were directly and proximately caused by the aforementioned negligence of defendant Thompson, and were incurred without contributory negligence

10

or assumption of the risk on the part of the decedent, Mary Jean Grillo, or an opportunity for Mary Jean Grillo to avoid the accident.

WHEREFORE, the plaintiffs, Estate of Mary Jean Grillo, Anthony Joseph Grillo, Individually, and as Personal Representative of the Estate of Mary Jean Grillo, Monica Anne Grillo (daughter), Jeanne Marie Grillo (daughter), Ann Marie Grillo (daughter), and John Grillo (son) ("Use Plaintiff"), demand judgment against defendant Thompson in the amount of FIVE MILLION DOLLARS ($5,000,000.00) in economic and non-economic damages, compensatory damages, punitive damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT IV – RESPONDEAT SUPERIOR

37. The plaintiffs incorporate herein by reference all preceding paragraphs.
38. At all times relevant hereto, defendant Thompson was employed by, and was an agent, contractor, employee, representative or servant of defendant P and S Transportation, LLC.
39. The above-described acts of defendant Thompson were committed within the scope of his employment with defendant P and S Transportation, LLC in that they were committed while on duty and in furtherance of defendant P and S Transportation, LLC.
40. As defendant Thompson's employer, defendant P and S Transportation, LLC is responsible for all of the negligent, grossly negligent, and reckless and willful conduct in conscious and utter disregard and reckless indifference to the rights and safety of the plaintiff's decedent committed by defendant Thompson within the scope of his employment.

11

WHEREFORE, the plaintiffs, Estate of Mary Jean Grillo, Anthony Joseph Grillo, Individually, and as Personal Representative of the Estate of Mary Jean Grillo, Monica Anne Grillo (daughter), Jeanne Marie Grillo (daughter), Ann Marie Grillo (daughter), and John Grillo (son) ("Use Plaintiff"), demand judgment against defendant P and S Transportation, LLC, and its agent, contractor, employee, representative, or servant, defendant Thompson, jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), in economic and non-economic damages, compensatory damages, punitive damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT V – NEGLIGENT ENTRUSTMENT

41. The plaintiffs incorporate herein by reference all preceding paragraphs.
42. Defendant Thompson was employed by defendant P and S Transportation, LLC, its agents, contractors, employees, representatives or servants.
43. The aforementioned acts described herein were committed within the scope of defendant Thompson's employment with defendant P and S Transportation, LLC defendant P and S Transportation, LLC is responsible for those acts performed within the scope of defendant Thompson, LLC's employment.
44. Defendant P and S Transportation, LLC supplied and arranged for the use of equipment to defendant Thompson.
45. Defendant P and S Transportation, LLC hired defendant Thompson as a truck driver. defendant P and S Transportation, LLC had a duty to investigate defendant Thompson's driving record and driving history.

12

46. Defendant P and S Transportation, LLC failed to properly investigate defendant Thompson's driving history and made insufficient efforts to investigate whether or not defendant Thompson was a safe, fit and competent driver.

47. Defendant P and S Transportation, LLC knew, had reason to know or should have known, that defendant Thompson had a record of dangerous, reckless and incompetent driving and that he would be likely to use the equipment provided in a manner involving unreasonable risk of physical harm.

48. Defendant P and S Transportation, LLC knew, had reason to know or should have known, that by contracting with defendant Thompson, his use of a truck could involve the risk of physical harm to others.

49. The decedent, Mary Jean Grillo, was a member of a foreseeable class of persons who would be at risk of suffering physical harm as a result of defendant Thompson's operation of a truck.

50. The negligence of defendant P and S Transportation, LLC in entrusting the equipment to defendant Thompson concurrently and proximately caused injury to the plaintiff.

WHEREFORE, the plaintiffs, Estate of Mary Jean Grillo, Anthony Joseph Grillo, Individually, and as Personal Representative of the Estate of Mary Jean Grillo, Monica Anne Grillo (daughter), Jeanne Marie Grillo (daughter), Ann Marie Grillo (daughter), and John Grillo (son) ("Use Plaintiff"), demand judgment against Defendant P and S Transportation, LLC, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), in economic and non-economic damages, compensatory damages, and punitive damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT VI – NEGLIGENT HIRING AND RETENTION

51. The plaintiffs incorporate herein by reference all preceding paragraphs.

52. Defendant Thompson was employed by defendant P and S Transportation, LLC.

53. The aforementioned acts described herein were committed within the scope of his employment with defendant P and S Transportation, LLC.

54. Defendant P and S Transportation, LLC is responsible for those negligent acts performed within the scope of defendant Thompson's employment.

55. Defendant P and S Transportation, LLC hired defendant Thompson as a truck driver.

56. Defendant P and S Transportation, LLC had a duty to investigate defendant Thompson's driving record and driving history.

57. Defendant P and S Transportation, LLC failed to properly investigate defendant Thompson's driving history, and made insufficient efforts to investigate whether or not defendant Thompson was a safe, fit and competent driver.

58. Defendant P and S Transportation, LLC knew, had reason to know or should have known, that defendant Thompson had a record of dangerous, reckless and incompetent driving, and he would be likely to use the equipment provided in an unsafe manner involving unreasonable risk of physical harm.

59. Defendant P and S Transportation, LLC knew, had reason to know or should have known, that by contracting with defendant Thompson, his use of a truck could involve the risk of physical harm to others. The acts and omissions of defendant P and S Transportation, LLC caused the plaintiffs' injuries.

60. The negligence of defendant P and S Transportation, LLC in hiring and/or retaining defendant Thompson was a proximate cause of the plaintiffs' injuries.

14

WHEREFORE, the plaintiffs, Estate of Mary Jean Grillo, Anthony Joseph Grillo, Individually, and as Personal Representative of the Estate of Mary Jean Grillo, Monica Anne Grillo (daughter), Jeanne Marie Grillo (daughter), Ann Marie Grillo (daughter), and John Grillo (son) ("Use Plaintiff"), demand judgment against defendant P and S Transportation, LLC in the amount of FIVE MILLION DOLLARS ($5,000,000.00), in economic and non-economic damages, compensatory damages, and punitive damages, plus costs, pre-judgment interest and post-judgment interest.

## COUNT VII – PUNITIVE DAMAGES

61. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully alleged herein.

62. The damages and injuries which plaintiffs suffered are the direct and proximate result of the willful conduct of the defendants Tremaine Markee Thompson, individually, and as agent, contractor, employee, representative, or servant of P and S Transportation, LLC whose grossly negligent conduct which was so reckless and wanton in nature as to rise to the level of an intentional action, by exhibiting reckless indifference or conscious disregard to the health and safety of Mary Jean Grillo.

63. As a direct and proximate result of defendant Thompson's outrageous and reckless conduct, Mary Jean Grillo died.

WHEREFORE, the plaintiffs, Estate of Mary Jean Grillo, Anthony Joseph Grillo, Individually, and as Personal Representative of the Estate of Mary Jean Grillo, Monica Anne Grillo (daughter), Jeanne Marie Grillo (daughter), Ann Marie Grillo (daughter), and John Grillo (son) ("Use Plaintiff"), demand judgment against defendant P and S Transportation, LLC, and its agent, contractor, employee, representative, or servant,

15

defendant Thompson, jointly and severally, in the amount of FIVE MILLION DOLLARS ($5,000,000.00), in economic and non-economic damages, compensatory damages, punitive damages, plus costs, pre-judgment interest and post-judgment interest.

                                               Respectfully submitted,

                                               Estate of MARY JEAN GRILLO, by
ANTHONY GRILLO, personal
representative of the Estate of
MARY JEAN GRILLO,
And ANTHONY GRILLO,
Individually, and As Personal
Representative of the Estate of
MARY JEAN GRILLO,
And MONICA ANNE GRILLO,
And JEANNE MARIE GRILLO,
And ANN MARIE GRILLO

By Counsel

_____
Kevin M. Leach
MD Bar No: 19605
Turbitt, Leach & Crum, PLLC
8996 Burke Lake Rd.
Suite 304
Burke, VA 22015
Tel: (703) 323-7000
Fax: (703) 323-7224
kevinleach@tlc.law
*Attorney for the Plaintiffs*

16